Robinson v. Betts.

---

ALICE L. ROBINSON et al., Respondents, v. CHARLES W. BETTS et al., Appellants.

**St. Louis Court of Appeals, November 5, 1900.**

**Evidence: DURESS: PLEADING: PETITION, ALLEGATION OF.** Where a petition alleges that over payments on a note were obtained through duress or false representations, it is immaterial whether the evidence is sufficient to support the allegation of duress provided that the latter allegation of obtaining the money by false representations is sustained by a preponderance of the evidence, both as to the number of witnesses and as to credibility.

Appeal from the St. Louis City Circuit Court.—*Hon. Jacob Klein*, Judge.

AFFIRMED.

*R. M. Nichols* for appellant.

(1) There is no allegation, and no evidence, that the

threats had the effect, or were of that degree of severity, to overcome the mind and will of Mrs. Robinson, so as to make the thirty-six payments of $5.50 each, or any portion of them, involuntary. Buchanan v. Sahlein, 9 Mo. App. 552. (2) There is no allegation, and no evidence, that the thirty-six payments, or any portion thereof, could not have been prevented by proper legal means at the time or that no legal means of relief, other than making the payments, existed at the time. Duress by threats only exists when the threatened violation is such that the law affords no protection. Claflin v. McDonough, 33 Mo. 412; Wolff v. Marshall, 52 Mo. 171. (3) The petition avers that the claimed excessive payments, amounting to $129.01, were applied by defendants as usurious interest on the plaintiffs' note at five per cent per month; showing a full knowledge on the part of the plaintiffs of the claim of defendants, and all of the circumstances of collection and payment. There is no averment that plaintiffs at the time did not assent to this application and, the debtor not directing the application at the time, the creditor had the right of application; and without this averment the petition is merely an effort to recover usury once paid. Claflin v. McDonough, 33 Mo. 412; Ranson v. Hayes, 39 Mo. 445. (4) Usurious interest, paid under the threat of a mortgagee to foreclose his mortgage unless the interest is paid, does not amount to duress, or render involuntary such payments. Vicks v. Shine, 4 Am. St. Rep. 26; Savanah Savings Bank v. Logan, 25 S. E. Rep. 692. (5) The evidence does not support the finding of facts made by the court and the appellate court should reverse the case for that error. Nichols v. Carter, 49 Mo. 402.

*Lee W. Grant* for respondents.

A voluntary payment of an illegal demand, even though

known to be illegal, if made under an urgent necessity, is made under duress, and may be recovered back. A refusal to release security is such urgent necessity. Fout v. Giraldin, 64 Mo. App. 169. So excessive water rates may be recovered, if paid, under a threat to turn off the water. Westlake & Button v. City of St. Louis, 77 Mo. 47. So a refusal by the trustees of the State University to allow a student to proceed in his course of study except upon payment of excessive fees, is moral duress and such excess may be recovered. Niedermeyer v. Curators, etc., 61 Mo. App. 654. The finding of facts by the court was, in substance, that plaintiff paid the monthly payment in the belief that they were payments on the debt. That these payments were induced by the statements of the defendants that the debt was not paid, and by the threats of the defendants that if they were not made they would seize her furniture. That she paid $112.74 in excess of principal and interest of the note. There was judgment for plaintiffs for $116.20.

BLAND, P. J.—The suit was begun before a justice of the peace. On appeal to the circuit court the plaintiffs filed an amended statement. The amended statement alleged in substance that on the ninth day of January, 1896, they executed and delivered to defendants their promissory note for $110, due thirty days after date, with interest from date at eight per cent per annum, and to secure the payment of note and interest at the same time executed and delivered to defendants a chattel mortgage on the household furniture of plaintiff Alice L. Robinson; that after January 9, 1896, up to and including August 9, 1899, plaintiffs paid defendants $5.50 on the ninth day of each month—exacted under threats of seizing the property described in the chattel mortgage, carrying same away and making sale of it, and by false and

fraudulent statements made by defendants to plaintiffs from time to time that the note had not been paid. That under duress, exactions, threats and said false and fraudulent statements of defendants, and in great fear of losing the property described in the mortgage, plaintiffs paid monthly payments of $5.50 to defendants from January, 1896, to August, 1899, which payments were applied by them on the note as usurious interest; that defendants by these monthly payments have received of plaintiffs $129.01, over and above the principal and interest of the note. Judgment for this sum ($129.01) and interest was demanded. The issues were submitted to the court sitting as a jury, who found the issues for plaintiffs, and rendered judgment in their favor for $112.74. Defendants appealed.

There is an elaborate finding of both the law and facts by the learned trial judge copied in the record, too lengthy to be incorporated in this opinion. It is conceded that the testimony is ample to support all the facts found by the learned trial judge, except one, to-wit, that the monthly payments of $5.50 made by plaintiffs to defendants were made under duress, as found by the trial judge. The contention of appellant is that the evidence is wholly insufficient to warrant the finding of this fact, and that for this reason the judgment should be reversed. Alice L. Robinson is the wife of plaintiff, James A. Robinson. The loan was negotiated by the husband, who testified that there was no agreement to pay usurious interest, but that he paid the $5.50 per month for the first one or two months; then he went to the state of Texas. After his departure the monthly payments for a good many months were paid by Alice Robinson in person, and afterwards by her son under her direction. On the ninth of each month the defendants either delivered in person or mailed to plaintiffs a card containing the following: "Union

Loan Company (defendant's trade name), Pine street, St. Louis, Mo. Money to loan; weekly payments received.— Robinson. Your note for $110 is due (inserting day of month), $5.50." Mrs. Robinson testified that early in the period when she commenced making payments the defendants told her, "that if the monthly payments were not made promptly they would take the furniture." After the son began to make the payments, being, on one occasion, unable to pay all of the $5.50, he was told by defendants that they should be paid first; that if he (the son) failed to do this they would come out and take the furniture; that he should tell his mother this, and that he did tell her. To meet these monthly payments Mrs. Robinson sold her diamond ring—a present to her—and her silk dress, and the son, after obtaining employment, at $15 per month, set apart $5 of his monthly earnings to meet the demands of defendants. The testimony of S. L. Highleyman, a witness for plaintiffs, was that Mrs. Robinson was a neighbor of his; that she frequently borrowed money from him in sums of $2 or $3 at a time to make these monthly payments; that on these occasions she seemed to be in great fear of losing her furniture, unless the payments were made. The testimony of both plaintiffs is that when making these payments they thought and understood they were to be applied on the note, and *never understood* that they were paying *usurious* interest. The testimony to the contrary is from one of the defendants, who stated that the plaintiff, J. A. Robinson, agreed to pay $5.50 per month as an inducement to defendants to carry the loan until he could pay it, and the inference to be drawn from the facts that the note was largely overpaid and from the cards which were handed or sent to Mrs. Robinson monthly. In our view of the amended statement and the evidence we think it is immaterial whether the overpayments were obtained through

duress or by false representations; the complaint alleges both, and the latter allegation is sustained by a preponderance of the evidence, both as to number of witnesses and as to credibility. Mrs. Robinson was told by her husband that the note was to be paid by the payment of monthly installments of $5.50; the monthly cards sent or handed to her by defendants were demands for the payment of this sum. The fact that the cards referred to the note as "your note for $110 is due," is not evidence that the whole of the note was claimed to be due. This only notified Mrs. Robinson that the note was due and that she should pay $5.50 on the ninth of the succeeding month. The phrase "your note for $110" served only to identify the note. Nor can the fact of overpayment in view of all the evidence outweigh the testimony of Mrs. Robinson that she thought she was making payments on the note and not paying usurious interest. She supported herself and earned money to pay defendants by her labor; she received no receipts for any of the payments, nor did she keep a memorandum of them, and when asked by Mr. Highleyman how much she had paid and for what length of time she had been making these payments she was unable to even approximate the amount she had paid or the number of months in which she had made payments; and neither of these facts were ascertained until the note was forcibly taken from defendants by Highleyman and one other person. The complaint not only alleges that the monthly payments were obtained through duress, but also that they were procured "by false and fraudulent statements made by defendants to plaintiffs." Leaving out of view the fact of duress the evidence is clear and convincing that the overpayments were procured by the false representations contained in the monthly cards that the note was *not* paid; that these false statements were untrue was known to defendants to be false and not known to Mrs. Robinson

to be untrue, but believed by her to be true, and that so believing she made the overpayments. Under these circumstances it is clear that plaintiffs were entitled to recover, independent of and aside from the question of duress. It is therefore unnecessary to discuss the sufficiency of the evidence to prove duress. The judgment is manifestly for the right party and is affirmed. All concur.